UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHELLE SOLOBAY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 24-cv-04186-KAW

ORDER TO SHOW CAUSE

    The amended complaint was filed on December 17, 2024. (Dkt. No. 14.) Accordingly, Plaintiff Michelle Solobay had 90 days from the date of amendment to serve Defendant United States of America. *See McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990) (finding the deadline to serve the United States ran from the filing of the amended complaint adding the United States as a defendant in a Federal Tort Claims Act action). Thus, the last day to serve Defendant was March 17, 2025.

    To date, no summons have been issued for Defendant United States of America and no proof of service has been filed. Rather, in its February 4, 2025 case management conference statement, Defendant stated that Plaintiff mailed a copy of the amended complaint and a draft summons (not issued by the Clerk of the Court) via priority mail. (Dkt. No. 21 at 1.) Although Defendant immediately notified Plaintiff's counsel that Federal Rule of Civil Procedure 4 only permitted service on the United States by registered or certified mail, Plaintiff did not respond. (*Id.* at 1-2.) In its May 6, 2025 case management conference statement, Defendant stated that it had still not received any further communication from Plaintiff regarding service. (Dkt. No. 30 at 1.)

    On May 7, 2025, Plaintiff filed a late case management conference statement, asserting

that a summons had been issued on July 12, 2024 (before Defendant United States was substituted in as the correct defendant). (Dkt. No. 31 at 1.) Plaintiff further asserted that the summons and amended complaint were "currently out for service." (*Id.*)

It is not apparent to the Court that the July 12, 2024 summons -- which is directed at the Presidio Trust, *not* the United States -- can be used for service. Indeed, Plaintiff appears to have acknowledged this by filing a proposed summons *after* asserting that they had sent out the summons and amended complaint. (Dkt. No. 32.) The Court further notes that Plaintiff states that she is the guardian ad litem for J.S.; however, J.S. is not listed as a plaintiff in the amended complaint, and Plaintiff has never moved for the Court to appoint her as a guardian ad litem. (Dkt. No. 31 at 1; *see* Dkt. No. 14 at 1.)

Accordingly, the Court ORDERS Plaintiff to show cause, by **May 22, 2025**, why the case should not be dismissed for failure to prosecute by: (1) serving Defendant properly, and (2) explaining why Plaintiff has failed to comply with the service deadlines for almost two months.[1] Failure to comply may result in the Court reassigning the case to a district judge with the recommendation that the case be dismissed for failure to prosecute.

In light of Plaintiff's failure to serve Defendant, the Court CONTINUES the May 13, 2025 case management conference to **June 24, 2025**, with the case management conference statement due on June 17, 2024.

**IT IS SO ORDERED.**

Dated: May 8, 2025

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Plaintiff's counsel asserts there were "absences from Plaintiff's counsel's office," but this is not a sufficient explanation. (*See* Dkt. No. 31 at 1.)