1

2

3

4                      UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    MICHELLE SOLOBAY,                    Case No.  24-cv-04186-KAW

8                 Plaintiff,
                                          **THIRD ORDER TO SHOW CAUSE**
9           v.

10   UNITED STATES OF AMERICA,

11                Defendant.

12

13         This case has been pending since July 11, 2024.  On that date, Plaintiff Michelle Solobay

14   filed a complaint against the Presidio Trust, asserting a single claim under the Federal Tort Claims

15   Act ("FTCA").  (Compl., Dkt. No. 1.)  Confusingly, the complaint lists Plaintiff Solobay as acting

16   on behalf of herself and as guardian ad litem for J.S., but the caption does not identify J.S. as a

17   plaintiff.

18         On July 25, 2024, Plaintiff Solobay filed a certificate of service, stating that the Presidio

19   Trust had been served.  (Dkt. No. 7.)  Because the case was brought under the FTCA, however, the

20   only proper defendant was the United States, not the Presidio Trust.  *See Lance v. United States*,

21   70 F.3d 1093, 1094 (9th Cir. 1995).

22         On September 25, 2024, the United States appeared for the limited purpose of requesting

23   that the October 15, 2024 case management conference be continued because the United States

24   had not yet been served.  (Dkt. No. 8.)  After Plaintiff Solobay failed to respond or file her case

25   management conference statement, the Court continued the case management conference to

26   December 10, 2024, with the case management conference statement due on December 3, 2024.

27   (Dkt. No. 9.)

28         On December 3, 2024, the United States again appeared for the limited purpose of

United States District Court
Northern District of California

1    providing an update, stating that Plaintiff Solobay had made no further attempts to serve the

2    United States.  (Dkt. No. 10.)  Plaintiff Solobay again failed to respond or file a case management

3    conference statement.  On December 5, 2024, the Court issued an order to show cause as to why

4    the case should not be dismissed for failure to serve the proper Defendant.  (OSC, Dkt. No. 11.)

5    The Court also continued the case management conference to February 11, 2025, with the case

6    management conference statement due by February 4, 2025.  (*Id.* at 2.)

7        On December 6, 2024, Plaintiff Solobay filed a motion to amend the complaint.  (Dkt. No.

8    12.)  On December 17, 2024, Plaintiff Solobay filed an amended complaint, naming the United

9    States as the defendant.  (First Amended Compl. ("FAC"), Dkt. No. 14.)  The caption identified

10   Plaintiff Solobay as the only plaintiff in the case, and did not identify J.S. as a plaintiff.

11       On January 24, 2025, the Court discharged the December 5, 2024 order to show cause in

12   light of the filing of the amended complaint.  (Dkt. No. 18.)  In so doing, it noted that Plaintiff

13   Solobay had 90 days from the date of amendment to serve Defendant, *i.e.*, March 17, 2025.  (Dkt.

14   No. 18 (citing *McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990)).)

15       Plaintiff Solobay did not serve Defendant, nor did Plaintiff Solobay obtain a summons.

16   Rather, in its February 4, 2025 case management conference statement, Defendant stated that

17   Plaintiff Solobay had mailed a copy of the amended complaint and a draft summons (not issued by

18   the Clerk of the Court) via priority mail.  (Dkt. No. 21 at 1.)  Plaintiff Solobay, in turn, failed to

19   file a case management conference statement, requiring that the case management conference

20   again be continued to May 13, 2025, with case management conference statements due on May 6,

21   2025.  (*See* Dkt. No. 22.)

22       On May 6, 2025, Defendant filed a case management conference statement, stating that it

23   had still not received any further communication from Plaintiff Solobay regarding service.  On

24   May 7, 2025, Plaintiff Solobay filed a late case management conference statement, asserting that a

25   summons had been issued on July 12, 2024 (before Defendant United States was substituted in as

26   the correct defendant).  (Dkt. No. 31 at 1.)  Plaintiff Solobay also blamed "absences from

27   Plaintiff's counsel's office" for the delays.  (*Id.*)

28       On May 8, 2025, the Court issued a second order to show cause.  (Second OSC, Dkt. No.

34.)  The Court noted that the July 12, 2024 summons was directed at the Presidio Trust, rather than the Untied States.  (*Id.* at 2.)  The Court also noted that Plaintiff Solobay had asserted she was the guardian ad litem for J.S., but that J.S. was not listed as a plaintiff in the amended complaint and that Plaintiff Solobay had never moved for the Court to appoint her as a guardian ad litem. (*Id.*)  Accordingly, the Court ordered Plaintiff Solobay to show cause why the case should not be dismissed for failure to prosecute by: (1) serving Defendant properly, and (2) explaining why Plaintiff Solobay had failed to comply with the service deadline for almost two months.  (*Id.*)  The Court again continued the case management conference to June 24, 2025.

On May 14, 2025, Plaintiff Solobay filed a petition to be appointed as guardian ad litem for N.M.S.  (Dkt. No. 35.)  As an exhibit to the petition, Plaintiff Solobay inexplicably filed a motion to amend the pleadings to identify the correct minor plaintiff, stating that N.M.S. was the correct party rather than J.S.  (Dkt. No. 35-2.)  Plaintiff Solobay also improperly and repeatedly identified N.M.S. by her full name in contravention of Federal Rule of Civil Procedure 5.2.  As it was entirely unclear that there was any plaintiff other than Plaintiff Solobay, the Court issued an order: (1) denying Plaintiff Solobay's petition to appoint a guardian ad litem and amend the pleadings without prejudice, (2) requiring Plaintiff Solobay to file an amended complaint that identified the correct minor plaintiff, as well as a motion for appointment of a guardian ad litem, and (3) extending the order to show cause deadline to June 18, 2025.  (Dkt. No. 36.)  The Court also directed the Clerk's office to seal the guardian ad litem filings due to the inclusion of N.M.S.'s identifying information.  (*Id.* at 2.)

On June 4, 2025, Plaintiff filed the second amended complaint, which identified Plaintiffs Solobay and N.M.S. as the parties in the case.  (Second Amended Compl. ("SAC"), Dkt. No. 38.) The complaint, however, included factual allegations that were patently deficient, as it included placeholders instead of actual facts.  (*See* SAC ¶¶ 8 (("On or about [Insert Date], Plaintiffs were lawfully present on properly located within the Presidio Trust"), 9 ("While on said property, N.M.S., a minor, sustained serious personal injuries as a direct result of dangerous conditions on the premises, including but not limited to [describe specific hazard, e.g., inadequately maintained pathways, insufficient signage, failure to warn, etc.]").)  Accordingly, the Court struck these

United States District Court
Northern District of California

1   deficient allegations, and permitted Plaintiff to file a complete amended complaint.  (Dkt. No. 40
2   at 2.)  The Court again extended the order to show cause deadline and continued the case
3   management conference.  (*Id.*)
4        On June 12, 2025, Plaintiff Solobay filed a third amended complaint which again identified
5   Plaintiff Solobay as the only plaintiff in the caption.  (Third Amended Compl. ("TAC"), Dkt. No.
6   41.)  The complaint also again identified J.S. as the affected minor, *not* N.M.S.
7        This case has been pending for almost a year, and the complaint is still defective.
8   Plaintiff's counsel, Dylan Hackett, has filed four complaints in this case, each of which included
9   significant errors, including: (1) failing to identify the correct Defendant, (2) failing to name all
10  Plaintiffs, (3) failing to identify the correct minor Plaintiff, and (4) failing to include facts rather
11  than placeholders.  Attorney Hackett also failed to comply with multiple deadlines, including
12  deadlines to serve the case on Defendant and file case management conference statements.  The
13  Court also notes that other filings have been defective.  For example, in Attorney Hackett's
14  response to the second order to show cause, Attorney Hackett stated that "[p]roofs of service by
15  certified mail are being concurrently filed with this response."  (Dkt. No. 39 at 2.)  No such proof
16  of service was filed until June 19, 2025, when Attorney Chris Quattrociocche -- who is not listed
17  on the docket (despite asserting that he is counsel of record) -- filed a declaration with mailing
18  receipts.  (*See* Dkt. No. 42.)  Likewise, in Plaintiff's motion to appoint a guardian ad litem,
19  Attorney Hackett referred to the accompanying declaration of Plaintiff Solobay, but no such
20  declaration was filed.  (*See* Dkt. No. 38 at 1.)  Attorney Hackett also referred to Civil Local Rule
21  17-1, which does not exist.  (*See id.* at 2.)  This is in addition to Attorney Hackett filing documents
22  with N.M.S.'s identifying information, requiring the Court to seal the documents.
23       In turn, the Court has been required to issue multiple orders identifying the errors and
24  setting compliance deadlines in an attempt to move the case forward, only for Attorney Hackett to
25  continue making the same errors.  (*See* Dkt. Nos. 11, 34, 36, 40.)  The Court should not be
26  required to waste its limited judicial resources on correcting basic errors; rather, it is Attorney
27  Hackett's obligation to competently prosecute the case.  Indeed, the Court cannot recall when it
28  has seen so many repeated, careless errors in a single case.

1    It is unclear if Attorney Hackett is willing or able to give this case the time, resources, and

2    attention necessary to allow it to move forward. The fact that Attorney Hackett continues to

3    blame "administrative oversight and staffing interruptions" is also concerning. (Dkt. No. 39 at 2.)

4    Accordingly, the Court ORDERS Attorney Hackett to show cause, by **July 11, 2025**, why the

5    Court should not reassign this case to a district judge with the recommendation that the case be

6    dismissed for failure to comply with Court orders by explaining how he intends to ensure that a

7    proper complaint is filed if he is given yet another opportunity to file what will ultimately be the

8    fourth amended complaint. By **July 11, 2025**, Attorney Hackett shall also explain why he should

9    not be referred to the Court's Standing Committee on Professional conduct given the unrelenting

10   errors identified in this order. (*See* Civil Local Rules 11-1(c) (requiring that attorneys admitted as

11   a member of the bar of this Court certify knowledge of the Federal Rules of Civil Procedure and

12   Local Rules, as well as an understanding and commitment to abide by the Standards of

13   Professional Conduct set forth in Rule 11-4), 11-4 (requiring attorneys to be familiar and comply

14   with the standards of professional conduct, comply with the local rules, and practice with honesty,

15   care, and decorum), 11-6 (permitting a judge who has cause to believe that an attorney has

16   engaged in unprofessional conduct to refer the matter to the Standing Committee on Professional

17   Conduct).)

18   IT IS SO ORDERED.

19   Dated: June 30, 2025

20   _____
     KANDIS A. WESTMORE
21   United States Magistrate Judge

5