UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SOLOBAY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 24-cv-04186-KAW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 62 |

Plaintiff Michelle Solobay filed the instant action pursuant to the Federal Torts Claim Act ("FTCA"), alleging that she and her child were injured at the Presidio. (Fourth Amend. Compl. ("4AC") ¶¶ 1, 5, Dkt. No. 55.) Pending before the Court is Defendant United States of America's motion to dismiss. (Def.'s Mot. to Dismiss, Dkt. No. 62.)

Having considered the parties' filings, the relevant legal authorities, and the arguments made at the January 15, 2026 hearing, the Court GRANTS Defendant's motion to dismiss.

## I.   BACKGROUND

On December 3, 2022, Plaintiff was carrying her infant child in a baby carrier while walking along a designated pathway in Tunnel Tops, an area located in the Presidio. (4AC ¶ 5.) Plaintiff alleges that "she tripped over a metal post which was part of a fence that protruded onto the pathway and could not be seen by persons walking thereon." (4AC ¶ 5.) Plaintiff fell to the ground, injuring herself and her child. (4AC ¶ 6.)

On July 11, 2024, Plaintiff filed the instant action against the Presidio Trust. (Compl., Dkt. No. 1.) On July 25, 2024, Plaintiff filed a certificate of service, stating that the Presidio Trust had been served. (Dkt. No. 7.) Because the case was brought under the FTCA, however, the only proper defendant was the United States, not the Presidio Trust. *See Lance v. United States*, 70

United States District Court
Northern District of California

F.3d 1093, 1094 (9th Cir. 1995).

On September 25, 2024, the then non-party United States appeared for the limited purpose of requesting that the case management conference be continued because the United States had not yet been served. (Dkt. No. 8.) Plaintiff did not respond, and the Court continued the case management conference to December 10, 2024. (Dkt. No. 9.) On December 3, 2024, the United States again appeared for the limited purpose of stating that Plaintiff had made no further attempts to serve the United States. (Dkt. No. 10.) After Plaintiff again failed to respond, the Court issued an order to show cause as to why the case should not be dismissed for failure to serve the proper Defendant. (Dkt. No. 11.)

On December 17, 2024, Plaintiff filed an amended complaint, naming the United States as the defendant. (First Amend. Compl. ("FAC), Dkt. No. 14.) Because Plaintiff had filed an amended complaint, the Court discharged the order to show cause, and noted that Plaintiff had 90 days from the date of amendment to serve Defendant, *i.e.*, March 17, 2025. (Dkt. No. 18.)

Plaintiff Solobay did not properly serve Defendant, resulting in the Court issuing a second order to show cause on May 8, 2025. (Dkt. No. 34.) The Court ordered Plaintiff to show cause, by May 22, 2025, why the case should not be dismissed for failure to prosecute by: (1) serving Defendant properly, and (2) explaining why Plaintiff Solobay had failed to comply with the service deadline for almost two months. (*Id.* at 2.) What followed was a series of "repeated, careless errors," including filing deficient complaints which failed to identify the correct minor child and/or failed to include facts rather than placeholders, filing numerous documents that included the minor child's full name, and a continued failure to comply with the service deadline and other court-mandated deadlines. (*See* Dkt. Nos. 35, 37, 38, 41, 46, 47.)

On August 1, 2025, the Court permitted Plaintiff to file a fourth amended complaint, and ordered Plaintiff to serve Defendant within two weeks of filing the complaint. (Dkt. No. 54.) On August 6, 2025, Plaintiff filed the operative complaint. On August 8, 2025, Plaintiff finally properly served the case on Defendant, 144 days after the original March 17, 2025 deadline to serve. (Dkt. No. 56.)

On November 19, 2025, Defendant filed the instant motion to dismiss. That same day,

2

Plaintiff filed her opposition.  (Pl.'s Opp'n, Dkt. No. 63.)  On December 10, 2025, Defendant filed its reply.  (Def.'s Reply, Dkt. No. 65.)

## II.   DISCUSSION

Defendant seeks dismissal because: (1) Plaintiff failed to serve Defendant within 90 days as required by Federal Rule of Civil Procedure 4(m), and (2) Plaintiff's claim is barred by California's Recreational Use Statute, Cal. Civ. Code § 846(a).

### A.   Failure to Timely Serve

Rule 4(m) provides in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  While Rule 4(m) requires that "a district court grant an extension of time when the plaintiff shows good cause for the delay," the rule also "*permits* the district court to grant an extension even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).  The court's discretion to extend time is "broad," and should consider factors such as "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.*

There is no dispute that Plaintiff's deadline to serve Defendant was March 17, 2025, and that Plaintiff did not serve Defendant until August 8, 2025.  (*See* Pl.'s Opp'n at 2 (acknowledging the March 17, 2025 deadline and the August 8, 2025 date of actual service).)  While Plaintiff argues there is good cause for an extension, the Court disagrees.  Rather, as the Court observed in its third order to show cause, "the Court cannot recall when it has seen so many repeated, careless errors in a single case." (Dkt. No. 45 at 4.)  The Court also found unpersuasive the attempt by Plaintiff's counsel to blame "administrative oversight and staffing interruptions" for the failure to serve.  (*Id.* at 4-5.)  The Court ultimately expended significant judicial resources to ensure a proper complaint and service on Defendant, a process that took months.  (*See* Dkt. Nos. 34, 36, 44, 45, 48, 54.)

Nonetheless, in its August 1, 2025 order, the Court effectively extended the deadline to serve when it ordered Plaintiff to serve the operative complaint within two weeks of filing, with which Plaintiff complied.  (*See* Dkt. Nos. 54, 56.)  The Court finds that the extension was

warranted.  While the length of the delay was not insubstantial, Defendant long had actual notice of this lawsuit, having first appeared on September 25, 2024.  Moreover, Defendant does not suggest it has suffered any prejudice from the delay.  Accordingly, the Court finds that it exercised its "broad discretion" to extend the service deadline under Rule 4(m), and that Plaintiff ultimately complied with the extended deadline. Thus, dismissal on this ground is not warranted.

### B.    California's Recreational Use Statute

"Under the [FTCA], Defendant is liable to Plaintiff only if a private person would be liable to Plaintiff under California law." *Armstrong v. United States*, No. C 07-3793 SBA, 2008 U.S. Dist. LEXIS 95578, at *7 (N.D. Cal. Nov. 20, 2008) (citing 28 U.S.C. § 1346(b)); *see also Bhatnagar v. Presidio Trust*, No. 14-cv-327-MEJ, 2014 WL 572373, at *3 (N.D. Cal. Feb. 11, 2014) (same).  While California law normally "imposes a duty on people, including landowners, to use reasonable care under the circumstances to prevent injury to others[, ] California's Recreational Use Statute alters this general rule by immunizing landowners from liability for injuries suffered by people who use their land for recreational purposes." *Cleveland v. United States*, 546 F. Supp. 2d 732, 770 (2008).  Specifically, California's Recreational Use Statute provides: "An owner of real property owes no duty of care to keep the premises safe for entry or use by others for recreational purposes or to give recreational users warnings of hazards on the property, unless: (1) the landowner willfully or maliciously fails to guard or warn against a dangerous condition, use, structure or activity; (2) permission to enter for a recreational purpose is granted for a consideration; or (3) the landowner expressly invites rather than merely permits the user to come upon the premises." *Manuel v. Pac. Gas & Elec. Co.*, 173 Cal. App. 4th 927, 938 (2009) (internal quotation omitted).

Here, Plaintiff was "walking along a designated pathway in Tunnel Tops," which Plaintiff concedes is a "public recreational plaza in the Presidio of San Francisco."  (Pl.'s Opp'n at 1:19.) Plaintiff further admits that "[t]he only purpose of Plaintiff's visit was recreational (a stroll on a public path)," and that "she did not pay for entry and had no express invitation from the government beyond the open access provided to the public."  (Pl.'s Opp'n at 2:11-13.)  Thus, California's Recreational Use Statute applies unless Plaintiff has adequately alleged a willful or

malicious failure to guard or warn against a hazard.

Plaintiff has made no such allegation. Rather, the operative complaint alleges a single cause for negligence, stating that "Defendant was negligent by not removing the metal post which Plaintiff tripped over," and that Plaintiff's injury was caused by "Defendant's said carelessness and negligence." (4AC ¶¶ 7-10.) While Plaintiff suggests that she only needs to plead facts showing negligence, she cites no authority in support.[1] (Pl.'s Opp'n at 4.) In contrast, both California courts and the Ninth Circuit have found that "[n]egligence is insufficient to overcome [California's Recreational Use Statute] immunity." *Bacon v. S. Cal. Edison Co.*, 53 Cal. App. 4th 854, 859 (1997); *Mattice v. United States, DOI*, 969 F.2d 818, 820-21 (9th Cir. 1992) ("California has a recreational use statute that protects landowners . . . from liability for negligence to those who enter or use their land for recreational purposes.").

In the alternative, Plaintiff suggests that she has alleged sufficient facts to demonstrate willfulness. (Pl.'s Opp'n at 4.) "Unlike negligence, which implies a failure to use ordinary care, and even gross negligence, which connotes such a lack of care as may be presumed to indicate a passive and indifferent attitude towards results, willful misconduct is not marked by mere absence of care. Rather, it involves a more positive intent actually to harm another or to do an act with a positive, active and absolute disregard of its consequences." *Manuel*, 173 Cal. App. at 940. Thus, "willfulness generally is marked by three characteristics: (1) actual or constructive knowledge of the peril to be apprehended; (2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger; and (3) conscious failure to act to avoid the peril." *Id.*

Here, Plaintiff argues that she has plausibly alleged willfulness based on "the government's 'removing the metal post,'" as discovery could show "that the post was a vital safety railing that the government 'willfully removed." (Pl.'s Opp'n at 4.) Thus, Plaintiff argues that there is "at least the possibility that the government knew removing the post would create danger and consciously failed to remedy it." (*Id.*) Plaintiff's argument, however, is directly contrary to the allegations in the operative complaint, in which she alleges that her injury was

---

[1] The Court also notes that Plaintiff's brief fails to include complete citations for any of the cases cited. Instead, it merely includes the case name without reference to the relevant reporter.

caused "when she **tripped over a metal post** which was part of a fence that protruded onto the pathway," and that "Defendant was negligent by **not** removing the metal post which Plaintiff tripped over[.]" (4AC ¶¶ 5, 7 (emphasis added).)  In short, Plaintiff's complaint is dependent on Defendant's negligence in not removing the metal post she tripped over, whereas Plaintiff's opposition asserts willfulness based on Defendant's removal of the metal post.  Needless to say, Plaintiff cannot have it both ways.

At the hearing, Plaintiff made a new argument, suggesting that the metal pole was a "safety" sign.  Plaintiff also provided several different versions of what Plaintiff tripped over, including: (1) the post was insufficiently buried and came out of the hole during the rain, getting on the walkway and causing Plaintiff to trip; (2) there was ongoing construction at the time, and the post that caused Plaintiff to trip was debris from that construction; and (3) Plaintiff tripped over a post that was part of the fence.

In the alternative, Plaintiff argues that she should be permitted to take discovery first before having her case dismissed pursuant to California's Recreational Use Statute.  (Pl.'s Opp'n at 5.)  Again, Plaintiff cites no authority in support.  Rather, the law is clear that "Plaintiff is not entitled to discovery to develop his pleading.  'Plaintiffs must satisfy the pleading requirements *before* the discovery stage, not after it.'" *Mosgrove v. Cnty. of Santa Clara*, No. 24-cv-808-BLF, 2024 WL 5011612, at *2 (N.D. Cal. Dec. 6, 2024) (quoting *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014)).

Given this changing story, during which Plaintiff described the circumstances leading to the post as "accidental," "inadvertent," and "negligent," the Court finds that leave to amend is not warranted in this case.  As the Court pointed out at the hearing, it should be straightforward for Plaintiff to state the facts and explain how there was willfulness.  Instead, the inability of Plaintiff's counsel to describe what actually happened without repeatedly changing the story, combined with the fact that many of these stories appeared to be negligence at best, demonstrate that Plaintiff cannot plead willfulness.

Moreover, this behavior by Plaintiff's counsel was highly concerning, especially when combined with the history of this case.  (*See* Dkt. No. 45 at 4-5 (June 30, 2025 order requiring

United States District Court
Northern District of California

Plaintiff's counsel to show cause why he should not be referred to the Court's Standing Committee on Professional conduct "given the unrelenting errors identified in this order"); Dkt. No. 48 (July 9, 2025 order setting the order to show cause for a hearing after Plaintiff's counsel again filed multiple documents with the minor's full name, relied on a purported Civil Local Rule that did not exist, and provided an OSC response that appeared to be "*identical* to the prior June 4, 2025 response, with the exception of the signature date").) Plaintiff's counsel is forewarned that should the Court see this type of behavior from Plaintiff's counsel again, the Court will refer him to the Standing Committee on Professional Conduct.

Accordingly, Plaintiff has failed to allege a claim because her negligence claim is barred by California's Recreational Use Statute.

### III.    CONCLUSION

Because Plaintiff's claim is barred by California's Recreational Use Statute, the Court GRANTS Defendant's motion to dismiss without leave to amend.

IT IS SO ORDERED.

Dated: January 26, 2026

KANDIS A. WESTMORE
United States Magistrate Judge

7